ALICE M. BATCHELDER,
concurring.
I concur in the majority’s judgment and write separately to elaborate on the actual-innocence exception. In Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), the Supreme Court stated: “Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.” But the Herrera Court did not close the door completely, stating in dicta: “in a capital case a truly persuasive demonstration of ‘actual innocence’ made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim.” Id. at 417, 113 S.Ct. 853. Thus, even without the occurrence of any independent constitutional violation during the state criminal proceeding, federal habeas relief might be warranted for “truly persuasive demonstration of actual innocence,” provided: (1) the habeas petition seeks relief in a capital case, in which case such a demonstration of actual innocence “would render the execution of a defendant unconstitutional”; and (2) there is “no state avenue open to process such a claim.” Id.
This Herrera exception has never been applied and, moreover, the Court emphasized that “the threshold showing for such an assumed right would necessarily be extraordinarily high.” Id.) see also House v. Bell, 547 U.S. -, 126 S.Ct. 2064, 2087, 165 L.Ed.2d 1 (2006) (“In Herrera, however, the Court described the threshold for any hypothetical freestanding innocence claim as ‘extraordinarily high.’ ”); Cress v. Palmer, 484 F.3d 844, 854-55 (6th Cir.2007). Therefore, to invoke this exception and obtain habeas relief on his freestanding innocence claim, Wright must meet both pre-conditions and then overcome the “extraordinarily high” threshold.
Wright fails the first precondition. This is not a capital case, and hence, the concern about the unconstitutionality of executing a defendant who has shown persuasive evidence of actual innocence is not implicated. See Herrera, 506 U.S. at 417, 113 S.Ct. 853; Cress, 484 F.3d at 855 (“We first point out the obvious — that this is not, in fact, a capital case.”). Therefore, Wright cannot avail himself of this actual-innocence exception, and his habeas petition is without merit.